UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIMOTHY LUTHER OLSON,

Plaintiff,

v.

Case No. 26-cv-16-pp

KASHOUA KRISTY YANG, *et al.*,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

---

Plaintiff Timothy Luther Olson, who is incarcerated at Dodge Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants had violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On January 26, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $28.67. Dkt. No. 8. The court received that fee on February 3, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

2

<u>Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. <u>D.S. v. E. Porter Cnty. Sch. Corp.</u>, 799 F.3d 793, 798 (7th Cir. 2015) (citing <u>Buchanan–Moore v. County of Milwaukee</u>, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. <u>Cesal</u>, 851 F.3d at 720 (citing <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The plaintiff sues Milwaukee County Circuit Court Judge Kashoua Kristy Yang, Attorney John Wasielewski, Milwaukee County Circuit Court, Wisconsin State Public Defender, Milwaukee County, John Doe Deputy Court Clerk, John Doe Deputy Court Reporter, Assistant District Attorney Sara Sadowski and Thomas Fischer. Dkt. No. 1 at 1-2. The plaintiff's allegations surround events related to his criminal case, <u>Wisconsin v. Timothy Olson</u>, Milwaukee County Case Number 22CF4696.[1] <u>Id.</u> at 9.

---

[1] The plaintiff previously filed other civil rights cases in this court regarding this criminal case. <u>See</u> <u>Olson v. Yang</u>, Case No. 25-cv-653 (E.D. Wis); <u>Olson v.</u>

The plaintiff alleges that on December 4, 2025, during a Zoom hearing, Judge Yang used deception or fraud "to cover up her previous fraud" by asking him how much he could pay toward a standby counsel. Dkt. No. 1 at 3. The plaintiff states that he never asked Yang for the "corruptly appointed puppet Atty. Wasielewski." Id. The plaintiff says that this conversation bewildered him, but that Judge Yang told him "the paperwork just caught up" for appointing standby counsel. Id. He says that this was when he realized that Judge Yang and Attorney Wasielewski allegedly duped him into believing he was *pro se* "by deception/fraud." Id. The plaintiff says that Yang never appointed standby counsel, and that Wasielewski was his defense counsel until December 4, 2025. Id. at 4. The plaintiff states that this is why his motions in his criminal case were ignored between June 2025 and December 4, 2025, in violation of his constitutional rights. Id. The plaintiff accuses Judge Yang and Wasielewski of conspiring to violate his rights. Id. at 4. The plaintiff says that during that six-month period, he asked Judge Yang to reinstated his right to counsel, but that Judge Yang ignored him because she "couldn't reveal her fraud/deception that [he] wasn't even pro se at that point." Id.

The plaintiff also alleges that one of his civil cases filed in this district—25-cv-653—was "corruptly dismissed," and that Judge Yang and Wasielewski were "both given the GREEN LIGHT to (by eastern Dist) railroad [him] even further;" the plaintiff says he couldn't object to this because he didn't realize it

Reed, Case No. 24-C-916 (E.D. Wis.); Olson v. Sadowski, Case No. 24-C-1549 (E.D. Wis.).

was happening. Id. at 5. He alleges that from June 12 to December 4, 2025, Wasielewski did not do anything in the plaintiff's criminal case. Id. at 5. The plaintiff also alleges that during that same period, Judge Yang's Doe deputy court clerk and Doe court reporter falsified court records and documents regarding the "appointment/non-appointment of standby counsel/pro se/not pro se appointed defendant." Id. at 6.

The plaintiff alleges that on December 23, 2025, he had a recorded jail call with defendant Thomas Fischer, a private investigator, whom the plaintiff never hired. Id. Fischer allegedly told the plaintiff that he recently had run into Assistant District Attorney Sadowski, that they had discussed his case off the record and that Sadowski had urged Fischer to take the plaintiff's case. Id. The plaintiff alleges that ADA Sadowski told Fischer that she would be willing to write a letter for Fischer, so that the jail would allow Fischer to visit the plaintiff. Id. The plaintiff states that Sadowski's actions amount to prosecutorial misconduct and fraud on the court. Id. at 6-7. He alleges that Sadowski and Fischer deprived him of due process, and that Sadowski "more than likely" manipulated Fischer into not revealing exculpatory evidence given to a different attorney and private investigator on February 14, 2024. Id. at 7. He alleges that Sadowski and Fischer stripped him of his right to investigate discovery and obtain exculpatory evidence. Id.

The plaintiff asserts that he is suing all defendants in their official and individual capacities. Id. at 8-9. For relief, the plaintiff seeks compensatory and punitive damages from Judge Yang and Attorney Wasielewski for their "evil and

5

vile acts." Id. at 8. He seeks removal of the court personnel from his criminal case and dismissal of the charges based on alleged due process violations. Id. The plaintiff also seeks damages from Milwaukee County, Milwaukee County Circuit Court and the Wisconsin State Public Defender. Id. And he seeks damages from Judge Yang's deputy court clerk and court reporter as well as Attorney Sadowski and private investigator Fischer. Id. at 9.

C.     Analysis

As an initial matter, the plaintiff cannot sue the Milwaukee County Circuit Court. Section 1983 of Title 42 of the United States Code allows a plaintiff to sue a "person," acting under color of law, who violates the plaintiff's constitutional rights. The Milwaukee County Circuit Court is not a person—it is not an individual subject to suit under §1983. Jones v. Rock Cnty. Cir. Ct., Case No. 19-CV-429, 2021 WL 5232325, at *1 (W.D. Wis. Nov. 10, 2021) (citing McCormack v. Wright, Case No. 12-cv-483, 2012 WL 5247278, at *2 (W.D. Wis. Oct. 23, 2012) (concluding that because a circuit court is part of the county government it serves, it is not a separate suable entity); Hoffman v. Kehl, Case No. 08C41, 2008 WL 358083, at *3 (E.D. Wis. Feb. 8, 2008) (concluding that Kenosha County Circuit Court is not a suable entity because it is an agency of the state)).

Next, defense attorneys, whether state public defenders or privately retained counsel, are not "state actors" and therefore are not subject to suit under §1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981); see also Cornes v. Munoz, 724 F.2d 61, 63 (7th Cir. 1983). That means that the plaintiff

6

has failed to state a claim against defendants Wisconsin State Public Defender and Attorney Wasielewski.

As for the plaintiff's claims against Judge Yang, a judge has absolute immunity for all actions taken in his or her judicial capacity. Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). "Immunity totally insulates judges from liability for actions taken within their judicial capacity, even if the judge acts maliciously or corruptly." Dellenbach v. Letsinger, 889 F.2d 755, 757-58 (7th Cir. 1989). The plaintiff previously raised his claim against Judge Yang, and the court previously told him that Judge Yang had absolute immunity with respect to her appointment of Wasielewski. See Olson v. Yang, No. 25-C-653, at *3 (E.D. Wis. May 28, 2025). In that case, Judge Griesbach also stated that even if Judge Yang was not entitled to absolute immunity, the plaintiff would not be allowed to proceed against her because he already had raised these claims in two prior lawsuits (one of which was stayed under Younger v. Harris, 401 U.S. 37, 45 (1971), and the other of which was dismissed). Id.

The plaintiff sues Sadowski for prosecutorial misconduct based on allegations that Sadowski urged Fischer to take the plaintiff's case. Prosecutors have absolute immunity when performing their roles in the criminal judicial process. Tobey v. Chibucos, 890 F.3d 634, 650 (7th Cir. 2018). Even if Sadowski is not entitled to absolute immunity, the plaintiff states that he never hired Fischer so it is not clear how Sadowski allegedly urging Fischer to take the plaintiff's case harmed the plaintiff.

The plaintiff claims that his constitutional rights were violated during his criminal proceedings in Milwaukee County Case 2022CF4696, and he seeks dismissal of those charges. Wisconsin court records show that on March 14, 2026, the plaintiff was found guilty of the charges in that case, and on March 17, 2026, he was sentenced to state prison. <u>See</u> https://wcca.wicourts.gov (last visited May 8, 2026). If this federal court now were to rule in the plaintiff's favor in this case, it "would necessarily imply the invalidity of his conviction or sentence." <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994). This federal court cannot invalidate the plaintiff's state criminal conviction, so it must dismiss this case. <u>Id.</u> at 483, 485 ("civil tort actions are not appropriate vehicle for challenging the validity of outstanding criminal judgments . . ."). If the *state* appellate court vacates the plaintiff's criminal conviction and sentence, it is possible that he could bring civil claims regarding the constitutionality of his criminal proceedings.

If the plaintiff wants to challenge his conviction and sentence, he may appeal his conviction and sentence through the state court system. And an incarcerated person who wants to challenge the "validity of his confinement" may do so by filing a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, once he has exhausted his remedies. <u>Hill v. McDonough</u>, 547 U.S. 573, 579 (2006) (quoting <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004)).

This court will dismiss the plaintiff's complaint without prejudice. Once he has exhausted any applicable state court remedies (such as an appeal), the plaintiff can consider whether he wants to file a federal *habeas* petition under

§2254 or a claim for money damages under §1983. If the plaintiff decides to file a federal *habeas* petition, he will have to demonstrate that he has exhausted his remedies, and he must make sure that he timely files his petition under 28 U.S.C. §2244(d). The court will mail the plaintiff a guide, "Habeas Corpus: Answers to State Petitioners' Common Questions," along with this order.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The court will enter judgment accordingly.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$321.33** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Dodge Correctional Institution, where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 12th day of May, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**